UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KROCK, | Case No. 2:11-CV-02487 JAM-KJN |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| FINANCIAL TITLE COMPANY; EQUIFIRST CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION TRUST 2007-EQ1; WELLS FARGO BANK, N.A.; NDEX WEST, LLC; ANDREW FONTI; WILLARD CALVIN LYFORD; CAPSTONE HOME LOAN CORPORATION; AND DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

This matter comes before the Court on a Motion to Dismiss (Doc. #7) presented by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Wells Fargo Bank, N.A. ("Wells Fargo"), and U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2007-EQ1 ("USB"), collectively "Defendants." Defendants ask the Court to dismiss the eight claims (1,2,8,9,10,11,12 and 13) asserted

against them in the First Amended Complaint ("FAC") (Doc. #1) filed by Plaintiff Shawn Krock ("Plaintiff"). Though Plaintiff's Opposition (Doc. #18) is docketed as opposing a separate Motion to Dismiss filed by Defendant EquiFirst Corporation ("EquiFirst") (Doc. #14), the caption and substance of the Opposition indicate that Plaintiff opposes this motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of a mortgage loan extended to Plaintiff by EquiFirst in December 2006. The loan was used to refinance Plaintiff's prior loan secured by property located at 7431 Rio Linda Boulevard, Rio Linda, California ("the Property"). In March 2010, Plaintiff defaulted on the loan, and after the loan went into default, Defendant NDEx West, LLC ("NDEx") generated and recorded a Notice of Default as agent for the beneficiary.

On April 29, 2010, a Substitution of Trustee was recorded, pursuant to which NDEx assumed the role of Trustee under the Deed of Trust. MERS generated an Assignment of Deed of Trust on May 10, 2010, pursuant to which USB assumed the role of beneficiary.

On June 23, 2010, NDEx, as substitute trustee, generated the required Notice of Trustee's Sale. On November 29, 2010, the Property was sold at a Trustee's Sale to USB.

///
///

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 7, 2011.

2

The gravamen of Plaintiff's allegations is that there was fraud and other improprieties in the origination of the loan and technical defects throughout the foreclosure process.

Plaintiff filed the Complaint on January 4, 2011 and the FAC on August 17, 2011 in the Superior Court of California, Sacramento, alleging thirteen causes of action: (1) Fraud and Deceit; (2) Negligent Misrepresentation; (3) Breach of Fiduciary Duty; (4) Aiding and Abetting; (5) Breach of Contract (6) Tortuous Interference with Contractual Relations; (7) Negligence; (8) Wrongful Foreclosure; (9) To Set Aside Trustee Sale; (10) Quiet Title; (11) An Accounting; (12) Violation of the Truth in Lending Act (15 U.S.C. § 1601); (13) Violation of Real Estate Settlement Procedures Act (12 U.S.C. § 2605). EquiFirst, with the consent of the other Defendants, removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, on September 19, 2011 (Doc. #1). Defendants and EquiFirst filed separate motions to dismiss (Doc. #7 and Doc. #14, respectively). Plaintiff opposed the instant motion and failed to file an opposition or a notice of non-opposition to EquiFirst's Motion to Dismiss. The Court granted EquiFirst's Motion to Dismiss with Prejudice (Doc. #23).

## II.   OPINION

A. <u>Legal Standard</u>

    1.   <u>Motion to Dismiss</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6). In considering a

motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2.  Judicial Notice

Defendants request judicial notice of the Deed of Trust, Loan Modification Agreement, Assignment of the Deed of Trust, the Notice of Default and Election to Sell Under Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, Assignment of Deed of Trust, Trustee's Deed Upon Sale (Doc. #7, Exs. 1-6). Plaintiff does not object to Defendants' request.

1    Courts may consider extrinsic evidence when "plaintiff's
2 claim depends on the contents of a document, the defendant
3 attaches the document to its motion to dismiss, and the parties
4 do not dispute the authenticity of the document. . . ."
5 Knievel v. ESPN, 393 F.3d 1069, 1076 (9th Cir. 2005).
6 Accordingly, the Court GRANTS Defendants' request for judicial
7 notice pursuant to Federal Rule of Evidence 201.
8         3.   Claims for Relief
9              a. Claims 1 & 2: Fraud and Deceit; Negligent
10                Misrepresentation
11   Defendant argues that Plaintiff's causes of action are not
12 pled with the requisite specificity under Fed. R. Civ. P. 9(b)
13 and that the allegations are substantively insufficient to
14 constitute claims for fraud or negligent misrepresentation.
15 Plaintiff concedes that he did not plead when exactly the fraud
16 occurred, but, he nonetheless contends that he sufficiently pled
17 these two causes of action.
18   While the Court agrees with Defendants that Plaintiff's
19 fraud and deceit and negligent misrepresentation are not
20 properly pled, the Court notes that both causes of action are
21 time-barred.  As EquiFirst argued in its Motion to Dismiss,
22 which the Court granted with prejudice, see Doc. #23, the
23 statute of limitations applicable to fraud claims is three
24 years, Code Civ. Proc. § 338(d), and the applicable statute of
25 limitations for negligence is two years, Code Civ. Proc.
26 § 339(1).  Plaintiff did not oppose EquiFirst's argument, but in
27 his FAC, he argued that the statute of limitations should be
28 tolled because (1) he relied upon Defendants' reputation in the

5

community; (2) he did not discover the purported fraud until the past year; and (3) no one has allegedly considered pursuing litigation against their lender until the last year. FAC ¶¶ 63-65.

Plaintiff's arguments are insufficient to toll the statute of limitations. A Plaintiff wishing to toll the statute of limitations "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. . . . The court places the burden on the plaintiff to 'show diligence'; conclusory allegations will not withstand [a motion to dismiss]." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (Cal. 2005) (internal citations omitted). Plaintiff's "ignorance of a cause of action does not toll the running of the statute." Hogar Dulce Hogar v. Community Development Commission of the City of Escondido, 110 Cal.App.4th 1288, 1297 (Cal. Ct. App. 4d 2003). Accordingly, the Court finds that Plaintiff's argument to toll the statute of limitations fails as a matter of law and therefore the Court GRANTS Defendants' Motion to Dismiss Claims 1 and 2 with PREJUDICE.

        4.   Claim 8: Wrongful Foreclosure

Plaintiff argues that the underlying foreclosure proceedings were defective because the foreclosing parties allegedly did not have possession and/or were not holders of the Promissory Note and, in violation of the Commercial Code, NDEx did not have authority to file the Notice of Default and Notice of Trustee's Sale or authority to conduct the foreclosure sale. Defendants counter that a foreclosing lender need only comply

with the Civil Code foreclosure statutes and that possession of the original note is not a prerequisite to foreclosure. While Defendants did not raise a tender argument concerning the wrongful foreclosure claim, EquiFirst raised that argument, to which Plaintiff argued in his Opposition that tender need not be required where it would be inequitable to do so. Plaintiff further argued that Defendants were not entitled to authorize or conduct a foreclosure and, without citing any authority, argued that the Court should consider the Commercial Code instead of the Civil Code.

A default borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Adesokan v. U.S. Bank, N.A., 11-cv-01236, 2011 WL 5241178, *3 (E.D. Cal. Oct. 31, 2011). "It would be futile to set aside a foreclosure sale on [technical grounds] if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." Id. (quoting U.S. Cold Storage v. Great Western Savings & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (Cal.Ct.App.1d 1985). Thus, for Plaintiff to have an actionable wrongful foreclosure claim, he must credibly allege his ability to tender.

Plaintiff admits in his Opposition that he cannot allege an ability to tender. See Opposition at 16:22-25 ("Requiring Plaintiff to tender outstanding indebtedness at this juncture . . . will serve as a bar to his ability to assert his legal claim. Further, even if Plaintiff presently did not allege sufficient funds available to make the tender at this time, that

7

does not mean that they [sic] will unable [sic] to do so at a later time.  Circumstances may very well change between now and time of tender.").  As discussed supra, Plaintiff cannot proceed on his wrongful foreclosure argument unless he alleges an ability to tender.

In addition to failing to allege tender, Plaintiff mistakenly relies on Commercial Code § 3301 to argue that possession of the Promissory Note is required.  Foreclosures are governed by California's Civil Code.  The California Civil Code does not require an original note in order to foreclose.  Roque v. SunTrust Mortgage, Inc., C-09-00040, 2009 WL 2051216, *2-3 (N.D. Cal., Jul. 10, 2009) ("California Civil Code §§ 2924-2924i are intended to "occupy the field" of regulating the nonjudicial foreclosure of deeds of trust. . . . Nothing in the statute requires an original note in order to foreclose.").  Because Plaintiff cannot state a claim alleging tender or provide a concrete a violation of wrongful foreclosure, Plaintiff's wrongful foreclosure cause of action cannot be cured by amendment.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Claim 8 WITH PREJUDICE.

       5.   <u>Claim 9: Set Aside Trustee's Sale</u>

Plaintiff's ninth cause of action fails to adhere to Federal Rule of Civil Procedure 8, requiring a short and plain statement of the claim.  It appears to rehash the wrongful foreclosure arguments.  For the reasons discussed supra, the Court GRANTS Defendants' Motion to Dismiss Claim 9 WITH PREJUDICE.

///

### 6. Claim 10: Quiet Title

Defendants argue that there is no basis upon which to set aside the Trustee's Deed aside and that Plaintiff fails to plead an ability to tender. Plaintiff reiterates that he cannot allege tender. See Opposition at 17:12-13 ("to require Plaintiff to tender outstanding indebtedness . . . will serve as a complete bar to his ability to assert his legal claim. . ."). Because Plaintiff cannot allege tender, and "a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee," Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (Cal. Ct. App. 1d 1994), the Court GRANTS Defendants' Motion to Dismiss Claim 10 with PREJUDICE.

### 7. Claim 11: An Accounting

Defendants argue that Plaintiff's cause of action for an accounting fails to state a claim because he does not allege a fiduciary relationship between the parties or that the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. Plaintiff does not allege a fiduciary relationship, but instead counters that there is no way for him to determine the amount of late charges, fees, and other costs without an accounting.

Under California law, "a fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting". Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (Cal. Ct. App. 3d 2009).

> An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or

9

> (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.

Quinteros v. Aurora Loan Services, No. CIV-F-09-2200, 2010 WL 3817541, at * 5 (E.D. Cal. Sept. 30, 2010). Plaintiff does not argue that there is a fiduciary relationship between him and Defendants.

Accounts that are complicated enough to warrant an accounting generally involve a dispute where the plaintiff claims the defendant owes him money. See Union Bank v. Superior Court, 31 Cal. App. 4th 573, 593-94 (Cal. Ct. App. 2d 1995) (dismissing the accounting claims since the defendant owed no money to plaintiffs and did not deprive them of any monies).  The amounts at issue in this action are monies Plaintiff owes to Defendants under the mortgage.  "Plaintiffs, as the party owing money, not the party owed money, has no right to seek an accounting." Hernandez v. First American Loanstar Trustee Services, No. 10cv00119, 2010 WL 1445192 *5 (S.D. Cal. Apr. 12, 2010).  Plaintiff argues that he needs an accounting because he cannot determine how payments were credited and whether the Defendants are true parties in interest.  The Court disagrees. Here the account is not so complicated that it cannot be ascertained in a legal action. "A suit for an accounting will not lie where it appears from the complaint that none is necessary. . . ." St. James Church of Christ Holiness v. Superior Court In and For Los Angeles County, 135 Cal. App. 2d 352, 359 (Cal. Ct. App. 2d 1955).

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Claim 11 WITH PREJUDICE.

### 8. Claim 12: Violation of the Truth in Lending Act ("TILA")

Defendants argue that Plaintiff's TILA rescission and damages claims are barred by the statute of limitations. Plaintiff's right of rescission expired three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). The ability to receive damages expired within one year of the occurrence of the TILA violation. 15 U.S.C. § 1640(e). Additionally, Defendants argue that they are not "creditors" as defined at 15 U.S.C. § 1602(f); rather EquiFirst is the creditor. Defendants admit that liability for damages under TILA may extend to assignees if (1) the disclosure statement is determined to be incomplete or inaccurate from the face of the disclosure statement or (2) the disclosure does not use the terms required by 15 U.S.C. § 1641. 15 U.S.C. § 1641(a). Plaintiff does not address the statute of limitations argument in his opposition and while he alleges several violations of TILA, he does not allege that the disclosure statement was incomplete, inaccurate, or did not use the proper terms. Therefore, because Plaintiff's TILA claim is time-barred and fails to state a claim, Defendants' Motion to Dismiss Claim 12 is GRANTED WITH PREJUDICE.

### 9. Claim 13: Violation of Real Estate Settlement Procedures Act ("RESPA")

Defendants argue that Plaintiff fails to provide sufficient detail in his Qualified Written Request per 12 U.S.C. § 2605 (e)(1)(B); Plaintiff's claim is vague and not properly pled

11

under Fed. R. Civ. P. 8; and the claim is barred by RESPA's three-year statute of limitations.  Plaintiff does not address any of Defendants' contentions, but instead simply reiterates that he did not receive certain required documents prior to the close of escrow.  He further claims he did not discover these facts until April of 2010 and had no reason or ability to be on notice of these deficiencies.  Plaintiff also offers to plead more facts with respect to these claims. Any further amendment would be futile. Plaintiff's RESPA claim is not only deficient, it is time-barred. As discussed supra, Plaintiff's "ignorance of a cause of action does not toll the running of the statute." Hogar Dulce Hogar v. Community Development Commission of the City of Escondido, 110 Cal. App. 4th 1288, 1297 (Cal. Ct. App. 4d 2003).  For money damages, the statute of limitations is one year, 15 U.S.C. 1604(e) and for a violation of Section 2605, the statute of limitations is three years, 12 U.S.C. § 2614. As the closing occurred in 2006 and this action was originally filed more than four years later, it must be dismissed.  Accordingly, Defendants' Motion to Dismiss Claim 13 is GRANTED WITH PREJUDICE.

B.   ORDER

   For the reasons set forth above, Defendants' Motion to Dismiss Claims 1, 2, 8, 9, 10,11,12 and 13 is GRANTED WITH PREJUDICE.

   IT IS SO ORDERED.
Dated: January 6, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE